**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAVINDER SINGH,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

No. 10-71431

Agency No. A075-774-849

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 12, 2014
San Francisco, California

Before: FISHER, BERZON and CHRISTEN, Circuit Judges.

Davinder Singh petitions for review of the Board of Immigration Appeals'

(BIA) decision denying his third motion to reopen. We deny the petition.

1. The BIA did not abuse its discretion by denying Singh's motion to

reopen based on changed country conditions relating to the treatment of Sikh

activists. Although Singh may have presented evidence that torture by police of

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

suspected Sikh militants is more pervasive in India than it was at the time of his removal proceedings, he has not shown that these changed country conditions make him prima facie eligible for asylum because he has not overcome the Immigration Judge's (IJ) adverse credibility determination both the BIA and this court previously sustained. *See Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2007).

2. Nor did the BIA's analysis of this issue violate Singh's due process rights. First, "an alien attempting to establish that the Board violated his right to due process by failing to consider relevant evidence must overcome the presumption that it did review the evidence." *Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000). Singh has not overcome this presumption here. The BIA expressly mentioned Singh's evidence of changed country conditions, but ruled it was not sufficient, in the absence of Singh's credible testimony, to establish prima facie eligibility for relief. Second, the BIA provided "a reasoned explanation for its actions." *Delgado v. Holder*, 648 F.3d 1095, 1107 (9th Cir. 2011) (en banc) (internal quotation marks omitted). "When nothing in the record or the BIA's decision indicates a failure to consider all the evidence, a general statement that the agency considered all the evidence before it may be sufficient."

*Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011) (alterations and internal quotation marks omitted).

3. The BIA did not abuse its discretion by denying Singh's motion to reopen based on changed country conditions relating to Singh's sexual orientation. To reopen, Singh must establish a change in country conditions, not just a change in personal circumstances. *See Chandra v. Holder*, 751 F.3d 1034, 1038-39 (9th Cir. 2014); *Almaraz v. Holder*, 608 F.3d 638, 640 (9th Cir. 2010). In connection with Singh's previous motion to reopen, both the BIA and this court held Singh had shown only a change in personal circumstances, not a change in country conditions. Singh has presented no evidentiary or legal basis for revisiting that conclusion.

4. In his motion, Singh argued the Board should reopen his removal proceedings sua sponte to allow him to pursue his application for a U-visa as a victim of domestic violence. Singh does not renew that argument in his petition for review and has informed the court that his U-visa application is no longer pending. In any event, this court generally lacks jurisdiction to review the BIA's decision not to exercise its authority to reopen proceedings sua sponte. *See Minasyan v. Mukasey*, 553 F.3d 1224, 1229 (9th Cir. 2009). We therefore decline to address this issue.

5. Singh's petition appears to raise an equal protection challenge to 8 U.S.C. § 1229a(c)(7)(C)(iv), arguing it should apply not only to spouses but also to same-sex partners prevented from marrying by discriminatory marriage laws. Singh, however, has presented no evidence that he would have been married if same-sex couples had been permitted to marry. He therefore has not carried his burden of showing he was similarly situated to opposite-sex battered spouses. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) ("The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike.").

**PETITION DENIED.**