**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AKRAM SABAR CHAUDHRY, AKA Mohammad Akram Sabar, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, JR., Attorney General, <br><br> Respondent. | No. 12-71057 <br><br> Agency No. A072-119-226 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2015[**]
San Francisco, California

Before: BERZON, BYBEE, and OWENS, Circuit Judges.

The facts and procedural posture of this case are known to the parties, and

we do not repeat them here. Petitioner Akram Sabar Chaudhry (a.k.a. Mohammad

Akram Sabar) petitions for review of the BIA's decision affirming an IJ's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

termination of his previous grant of asylum under 8 C.F.R. § 1208.24(a)(3). "We review the IJ's factual findings regarding changed country conditions for substantial evidence." *Sowe v. Mukasey*, 538 F.3d 1281, 1285 (9th Cir. 2008) (internal quotation marks omitted). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition for review.

Chaudhry argues that the BIA erred in upholding the IJ's decision to terminate his asylum status because that termination was based on a charge that was not specified in the government's Notice of Intent to Revoke Asylum. But we lack jurisdiction to consider this procedural issue because Chaudhry failed to raise it before the BIA. "It is a well-known axiom of administrative law that 'if a petitioner wishes to preserve an issue for appeal, he must first raise it in the proper administrative forum.'" *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004) (quoting *Tejeda-Mata v. INS*, 626 F.2d 721, 726 (9th Cir. 1980)); *see also* 8 U.S.C. § 1252(d) (stating that a court of appeals "may review a final order of removal only if . . . (1) the alien has exhausted all administrative remedies available"). We lack jurisdiction to consider even a due process challenge so long as it involves a "mere procedural error that an administrative tribunal could remedy." *Barron*, 358 F.3d at 678 (internal quotation marks omitted).

Chaudhry next argues that he still has a well-founded fear of persecution based on his continued political support of the Pakistan People's Party (PPP) and the ongoing violence and persecution of PPP supporters in Pakistan. But substantial evidence supports the BIA's contrary conclusion. The status of an asylee who, like Chaudhry, applied before April 1, 1997, may be terminated if the government shows "by a preponderance of evidence" that "the alien no longer has a well-founded fear of persecution upon return due to a change of country conditions in the alien's country of nationality." 8 C.F.R. § 1208.24(a)(3), (f). The evidence before the BIA adequately supported the BIA's finding that conditions have changed dramatically in Pakistan since Chaudhry's request for asylum in 1993—based on his status as a PPP supporter—and since his eventual grant of political asylum in 1999. The State Department's 2008 Country Report on Pakistan reflected that the widower of assassinated PPP leader Benazir Bhutto, Asif Ali Zardari, became the President of Pakistan in September of 2008. That same year, Pakistan's February 18, 2008 elections "brought to power former opposition parties, led by the PPP, in a coalition government." By the end of 2008, the PPP and its coalition partners "controlled the executive and legislative branches of the national government and three of the four provincial assemblies." These political events supported the BIA's finding of changed country conditions, such

3

that Chaudhry no longer has a well-founded fear of persecution. Furthermore, Chaudhry admitted that he returned to Pakistan voluntarily after he was granted asylum and remained there for as long as five weeks. While there, he was photographed meeting with a Pakistani military general. These facts also contributed to the substantial evidence supporting the BIA's determination that Chaudhry no longer has a well-founded fear of persecution due to changed conditions in Pakistan. *Cf. Chandra v. Holder*, 751 F.3d 1034, 1035, 1038 (9th Cir. 2014) (holding that the BIA must consider changed country conditions for purposes of a motion to reopen "in light of" "a change in the petitioner's personal circumstances").

**DENIED.**

4