

**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

XIAO YAN LIN,

        Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

        Respondent.

No. 12-70212

Agency No. A095-648-447

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 2, 2016[**]
Pasadena, California

Before: REINHARDT, PAEZ, and M. SMITH, Circuit Judges.

Xiao Yan Lin ("Lin") petitions for review of the Board of Immigration

Appeals' ("BIA") denial of her motion to reopen. We deny the petition.

Lin originally applied for asylum in 2003, claiming that she had fled China

to escape a marriage arranged to satisfy her father's debt. The Immigration Judge

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

("IJ") denied Lin's application. In 2011, Lin filed an untimely motion to reopen, claiming that she converted to Protestantism after arriving in the United States, and that she feared religious persecution if forced to return to China. 8 U.S.C. § 1229a.

**1.** The BIA did not abuse its discretion by concluding that Lin failed to demonstrate changed country conditions in China that would excuse the untimeliness of her motion. *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005) (holding that the denial of a motion to reopen is reviewed for abuse of discretion). The BIA reasonably found that persecution of Protestants like Lin was ongoing but had not increased in China between 2003 and 2011. The BIA relied on country condition reports from 2009 and 2010, which stated that the Chinese government "continued" to repress certain Protestant groups. Lin did present some evidence that persecution increased during and after the 2008 Olympics in Beijing. Given the conflicting evidence, however, we cannot reject as "arbitrary" the BIA's conclusion that there was no increase in the persecution of Protestants. *Ontiveros-Lopez v. INS.*, 213 F.3d 1121, 1124 (9th Cir. 2000) (internal quotation marks omitted).

**2.** Lin's additional challenges to the BIA's decision also fail. First, the BIA did not mischaracterize Lin's motion to reopen as based solely on changed personal circumstances. Rather, the BIA satisfied this court's holding in 2014 that "if there

2

is sufficient evidence of changed conditions in the receiving country, there is nothing in the plain language of the regulation that prevents a petitioner from referring to his personal circumstances to establish the materiality of that evidence." *Chandra v. Holder*, 751 F.3d 1034, 1037 (9th Cir. 2014). The BIA properly denied Lin's motion due to the lack of evidence demonstrating changed country conditions relating to her conversion to Protestantism. Second, the BIA sufficiently assessed Lin's evidence of changed country conditions. *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (rejecting the argument that "where the BIA has given reasoned consideration to the petition, and made adequate findings, it must expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner") (quoting *Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006). Third, the BIA did not abuse its discretion when it discounted a flyer allegedly received by Lin's aunt in China, because that flyer was "unsigned and unauthenticated."

Petition **DENIED.**