**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERTO ISAAC DE LEON GRAMAJO, | No. 11-72666 |
| Petitioner, | Agency No. A072-172-011 |
| v. | MEMORANDUM* |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2013**

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Roberto Isaac de Leon Gramajo, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, relief under the Convention Against Torture ("CAT"), and

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, including adverse credibility findings, *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on de Leon Gramajo's admittedly false testimony related to his multiple departures from the United States to return to Guatemala and the inconsistencies regarding his age at the time of his claimed arrest in Guatemala. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir.2008) (affirming adverse credibility determination on the basis of petitioner's "initial filing of a fraudulent asylum application, combined with his repetition of his fabricated narrative in his asylum interview and in his first hearing before the IJ"); *Loho v. Mukasey*, 531 F.3d 1016, 1017-18 (9th Cir. 2008) (applicant's voluntary returns to home country supported adverse credibility determination); *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004) (adverse credibility finding supported by key omissions and discrepancies that went to the heart of the claim). Accordingly, in the absence of credible testimony, de Leon Gramajo's asylum and withholding of removal claims fail. *See Farah*, 348 F.3d at 1156.

Substantial evidence also supports the agency's denial of CAT relief because it relies on the same testimony the agency found not credible and de Leon Gramajo has not pointed to any additional evidence to support this claim. *See Farah*, 348 F.3d at 1156-57.

We lack jurisdiction to review the agency's discretionary determination that de Leon Gramajo failed to make the requisite showing of exceptional and extremely unusual hardship to be eligible for cancellation of removal. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 929-30 (9th Cir. 2005); *see also* 8 U.S.C. § 1252(a)(2)(B)(i). Thus, we do not reach de Leon Gramajo's other contentions related to cancellation of removal.

Finally, the IJ found de Leon Gramajo failed to establish the good moral character required for voluntary departure because he gave false testimony under oath with the intent to obtain an immigration benefit. We reject de Leon's Gramajo's contention that his false testimony was not material to his voluntary departure claim. *See* 8 U.S.C. §§ 1101(f)(6), 1229c(b)(1)(B); *Ramos v. INS*, 246 F.3d 1264, 1266 (9th Cir. 2001).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**