**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THELMA CONSUELO CERNA QUINONEZ, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-70853 <br><br> Agency No. A070-781-282 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 4, 2016[**]
Pasadena, California

Before: FARRIS, BEA, and M. SMITH, Circuit Judges.

Thelma Consuelo Cerna Quinonez is a Guatemalan citizen who was ordered

deported *in absentia* in 1996 after failing to appear at her asylum hearing. In 2011,

she filed a motion to reopen and rescind the *in absentia* deportation order. The

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Immigration Judge denied the motion to reopen and rescind. Cerna Quinonez appealed to the Board of Immigration Appeals, which affirmed the IJ's decision. Cerna Quinonez petitions this Court for review of the BIA's decision. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

We review denials of motions to reopen for abuse of discretion. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We review factual findings for substantial evidence. *Id.*

Cerna Quinonez made three arguments for why her case should be reopened. First, she argued that she was not given proper notice of the consequences of failing to appear at her asylum hearing. *See* 8 U.S.C. § 1252b(c)(3)(B) (1994). Second, she argued that her previous attorney's ineffective assistance of counsel constituted "exceptional circumstances" that justified reopening. *See* 8 U.S.C. § 1252b(c)(3)(A) (1994). Third, she argued that her new same-sex relationship, along with increased violence against lesbians in Guatemala, constituted "changed country conditions" that warranted reopening to file a new asylum application. *See* 8 C.F.R. § 1003.23(b)(4)(I). The BIA rejected all three of these arguments.

With regards to the notice argument, the IJ found, based on evidence in the administrative record, that Cerna Quinonez was given written and oral notice, in English and Spanish, of the consequences of failing to appear. The IJ concluded

2

that this notice was sufficient. The BIA affirmed, based on Cerna Quinonez's failure to offer any evidence to contradict either the record evidence, or the IJ's conclusion. In her briefing to this Court, Cerna Quinonez still has not pointed to any evidence that contradicts the record evidence or the IJ's conclusion. The agency's factual findings on this matter were supported by substantial evidence, and the ultimate conclusion that Cerna Quinonez received proper notice was not an abuse of discretion.

As to Cerna Quinonez's exceptional circumstances claim, the BIA concluded that this claim was untimely. Motions to reopen and rescind *in absentia* deportation orders based on exceptional circumstances must normally be filed within 180 days of the order. 8 U.S.C. § 1252b(c)(3)(A) (1994). Cerna Quinonez filed her motion to reopen and rescind more than fourteen years after the *in absentia* order, well outside the 180-day filing window. Cerna Quinonez acknowledges this, but argues she is entitled to equitable tolling for those fourteen years on account of her attorney's fraudulent assurance in 1997 that her deportation was a mistake and he would fix it. *See Iturribarria v. I.N.S.*, 321 F.3d 889, 897 (9th Cir. 2003).

In order to obtain equitable tolling, an applicant must show due diligence. *Id.* The BIA concluded that Cerna Quinonez did not show due diligence. This

3

conclusion was not an abuse of discretion. Cerna Quinonez should have known of her attorney's ineffectiveness when she was deported in 1997. Relying on the same attorney's promise that he would fix the mistake that led to her deportation, without asking any follow-up questions for fourteen years, was not reasonable and did not show due diligence.

Finally, as to Cerna Quinonez's changed country conditions argument, the BIA concluded that Cerna Quinonez's same-sex relationship was a changed personal condition, and not a changed country condition. *See Chandra v. Holder*, 751 F.3d 1034, 1036–37 (9th Cir. 2014). The BIA also concluded that Cerna Quinonez's evidence regarding the mistreatment of lesbians in Guatemala did not show that conditions in Guatemala had *worsened* since 1996, as would be necessary to show changed country conditions. *See id.* at 1038–39. Neither of these conclusions was an abuse of discretion.

**DENIED.**