**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERTO ISAAC DE LEON GRAMAJO, | No.    18-70268 |
| Petitioner, | Agency No. A072-172-011 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2021[**]
San Francisco, California

Before:  HURWITZ and BRESS, Circuit Judges, and FEINERMAN,[***] District Judge.

Roberto de Leon Gramajo, a native and citizen of Guatemala who entered the

United States without authorization, sought asylum, withholding of removal, and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Gary Feinerman, United States District Judge for the Northern District of Illinois, sitting by designation.

protection under the Convention Against Torture ("CAT"). After a hearing in 2009, an Immigration Judge ("IJ") found de Leon not credible, denied his applications for relief, and ordered him removed. The Board of Immigration Appeals ("BIA") dismissed de Leon's appeal, and we denied in part and dismissed in part his petition for review. *Gramajo v. Holder*, 519 F. App'x 443 (9th Cir. 2013).

In 2017, de Leon filed a motion to reopen, claiming that he had helped law enforcement locate and extradite a fugitive from Guatemala and asserting a fear of persecution by the fugitive's family and gang affiliates if removed. The BIA denied the motion as untimely, finding that de Leon had alleged a change in personal circumstances, not country conditions, and that he also did not provide sufficient evidence to substantiate his claim that the fugitive's gang-affiliated family members were looking for him. We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen for abuse of discretion and determine whether the agency "acted arbitrarily, irrationally or contrary to law." *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008). Finding no abuse of discretion, we deny the petition.

1.     De Leon's motion to reopen was filed years past the ninety-day filing deadline. 8 U.S.C. § 1229a(c)(7)(C)(i). To establish timeliness on the basis of changed country conditions, it was de Leon's burden to present evidence that "is material and was not available and would not have been discovered or presented at

the previous proceeding." *Id.* § 1229a(c)(7)(C)(ii); *see also Agonafer v. Sessions*, 859 F.3d 1198, 1203-04 (9th Cir. 2017). A motion to reopen may not rely "*solely on a change in personal circumstances*," but may be premised "on evidence of changed country conditions that" are made material "in light of the petitioner's changed circumstances." *Chandra v. Holder*, 751 F.3d 1034, 1036-37 (9th Cir. 2014).

2. The BIA reasonably concluded that de Leon did not meet this burden. While de Leon argues that gang activity in Guatemala has materially worsened since his previous hearing, the evidence submitted in support of his application to reopen does not compel that conclusion. *See He v. Gonzales*, 501 F.3d 1128, 1131-33 (9th Cir. 2007); *see also Quinonez v. Lynch*, 648 F. App'x 634, 635 (9th Cir. 2016). Rather, the record shows that gang violence in Guatemala has been longstanding. Thus, even if de Leon's purported recent activities have made him a potential target of gang violence, the BIA did not abuse its discretion in concluding that he has not established changed country conditions. *See He*, 501 F.3d at 1133; *see also Chandra*, 751 F.3d at 1037.

**PETITION FOR REVIEW DENIED**.