**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARK JORGENSEN FARRALES,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

Nos.  11-71312
        11-73288

Agency No. A070-035-243

MEMORANDUM*

On Petition for Review of Orders of the
Board of Immigration Appeals

Argued and Submitted December 7, 2016
Pasadena, California

Before:  REINHARDT, TASHIMA, and PAEZ, Circuit Judges.

In this consolidated appeal, Mark Farrales, a native and citizen of the

Philippines, petitions for review of (1) a 2010 Board of Immigration Appeals

(BIA) decision denying his motion to reopen; and (2) a 2011 BIA decision denying

his motion to reconsider and his second motion to reopen.

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

In 1990, when Farrales was 12 years old, he and his family entered the United States as non-immigrant visitors after his father, who was campaigning for public office, was shot and wounded outside their home in the Philippines. [1] All four family members overstayed their visas and were issued orders to show cause in 1996. After a hearing in 1998 in a proceeding in which Farrales was a derivative asylee, the entire family was ordered removed and granted voluntary departure.

Farrales did not depart the United States. He graduated from Belmont High School in Los Angeles as the valedictorian of his class and then attended Harvard University, where he graduated *magna cum laude* in 2001. He subsequently earned a masters degree in political science from the University of California, San Diego, , and was expected to earn his doctorate from that institution in 2011. His scholarship and publications focus on exposing and combating corruption in the Philippines.

In 2010, Farrales was detained by Immigration and Customs Enforcement.

---

[1] Throughout this memorandum disposition, refers to the administrative record from case number 11-71312 (first motion to reopen) and refers to the administrative record from case number 11-73288 (motion to reconsider and second motion to reopen).

He filed his first motion to reopen in 2010, a number of years after the initial proceeding became final and the ninety-day deadline had expired, arguing, *inter alia*, that changed country conditions in the Philippines exempted his motion from the deadline. The BIA rejected his motion to reopen as untimely.

In 2011, Farrales filed a motion for reconsideration along with supplementary documentation, which the BIA construed as a second motion to reopen. The Board rejected all of Farrales' arguments for reconsideration and for reopening.

Ordinarily, a petitioner must file a motion to reopen within ninety days of a final administrative decision. 8 C.F.R. § 1003.2(c)(2). This time limit does not apply, however, if the motion is filed for the purpose of seeking asylum "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered. " 8 C.F.R. § 1003.2(c)(3)(ii). In order to meet the changed country conditions exception to the deadline, a petitioner must present material evidence that could not have been discovered or submitted at the time of the previous hearing. *Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016). Although "a change in personal circumstances [alone] [] is not sufficient to establish changed circumstances in the country of origin," *He v. Gonzales*, 501 F.3d 1128, 1132 (9th Cir. 2007), a "petitioner's untimely motion to reopen may

qualify under the changed conditions exception . . . if the changed country conditions *are made relevant by a change in the petitioner's personal circumstances.*" *Chandra v. Holder*, 751 F.3d 1034, 1038 (9th Cir. 2014) (emphasis added). We conclude that Farrales has provided sufficient evidence to meet the changed country conditions exception to the timeliness bar.

The BIA made two errors of law in its decision denying Farrales' first motion to reopen. First, the BIA abused its discretion when it concluded that there was not evidence of "a material change in conditions" in the Philippines. Along with his first motion to reopen and application for relief, Farrales submitted a personal declaration and Freedom House reports that demonstrate a substantial increase in political violence and decrease in political freedom in the Philippines between 1998 and 2010. *See Malty v. Ashcroft*, 381 F.3d 942, 946–47 (9th Cir. 2004) (holding petitioner's declaration, along with Freedom House Report detailing mass arrest and torture of Coptic Christians in Egypt, sufficient to warrant reopening). Moreover, Farrales also provided extensive documentary evidence, including news articles and a transcript from a hearing of the Senate Subcommittee on East Asian and Pacific Affairs, of an increase in political violence and extrajudicial killings in the Philippines, especially against those who criticize governmental corruption.

This evidence of declining political freedom and significantly increasing political violence against those who criticize the government is "material," especially in light of the publicity surrounding Farrales' pending deportation in the Philippines, and "was not available and could not have been discovered or presented at the previous hearing." *See Salim*, 831 F.3d at 1137. Therefore, BIA abused its discretion in concluding that Farrales failed to present material evidence of changed country conditions that was unavailable at his previous hearing in 1998.

Second, the BIA erred as a matter of law by refusing to consider Farrales' evidence of changed country conditions in light of his anti-corruption publications because his scholarship was a "change[] in his personal circumstances that arose in the United States rather than changed country conditions in the Philippines." *See Chandra v. Holder*, 751 F.3d 1034, 1038 (9th Cir. 2014) ("[A] petitioner's untimely motion to reopen may qualify under the changed conditions exception in 8 C.F.R. § 1003.2(c)(3)(ii), even if the changed country conditions are made relevant by a change in the petitioner's personal circumstances."); *Salim*, 831 F.3d at 1137–38. By the time he filed his first motion to reopen, Farrales was a Ph.D. candidate in political science whose scholarship often criticized governmental corruption in the Philippines. Because these changes in Farrales' personal

5

circumstances made the increased political violence against critics of the government in the Philippines relevant to him, the BIA abused its discretion in refusing to consider Farrales' change in personal circumstances since 1998.

In light of the worsening country conditions and the publicity in the Philippines surrounding Farrales' deportation, he has also provided sufficient evidence of changed circumstances such that he now has a "reasonable likelihood" of demonstrating a prima facie case for asylum. *See Malty v. Ashcroft*, 381 F.3d 942, 947 (9th Cir. 2004). Accordingly, we grant Farrales' first petition for review and remand to the BIA with instructions to reopen. Farrales' second petition for review is therefore denied as moot.

In No. 11-71312, **PETITION GRANTED**.

In No. 11-73288, **PETITION DENIED AS MOOT.**