**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AHMED MOHAMED ABDI,

          Petitioner,

  v.

WILLIAM P. BARR, Attorney General,

          Respondent.

No.   17-70831

Agency No. A208-311-859

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 25, 2019
Portland, Oregon

Before:  FARRIS, BEA, and CHRISTEN, Circuit Judges.

      The Immigration Judge rejected Petitioner Ahmed Abdi's asylum claim.

Abdi then moved to reopen based on changed country conditions.  Abdi's motion

to reopen was untimely per 8 U.S.C. § 1229a(c)(7)(C)(i), but he seeks relief under

the "changed country conditions" exception.  An untimely motion to reopen

---

       *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

pertaining to an asylum claim may be granted if (1) the motion is "based on changed country conditions" in the respondent's home country, (2) the respondent submits new material evidence, and (3) the evidence "was not available and would not have been discovered or presented at the previous proceeding." *Id.* § 1229a(c)(7)(C)(ii); *see also Chandra v. Holder*, 751 F.3d 1034, 1036–37 (9th Cir. 2014). "The critical question" in determining whether the changed country conditions exception applies is "whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution." *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004).

The Board reasonably concluded that Abdi failed to show that country conditions in Somalia had sufficiently changed between the time of his merits hearing and his motion to reopen. Much of the documentary evidence submitted with Abdi's motion to reopen was "available" at the time of Abdi's merits hearing, and thus not relevant. 8 U.S.C. § 1229a(c)(7)(C)(ii). The documentary evidence that the IJ could properly consider—those documents that became "available" after January 7, 2016, the date of Abdi's merits hearing—did not show a change in country conditions. The reports that post-date the hearing merely echo the

2

documentary evidence available to Abdi before his individual hearing. The anecdotal news articles fail to prove any trend of worsening conditions.

Abdi was also not entitled to sua sponte reopening. He failed to properly request sua sponte reopening before the IJ—he requested that his case be reopened "in the interests of justice," but did not mention sua sponte reopening or cite to the relevant regulation. Abdi properly requested sua sponte reopening before the BIA, but the BIA lacked jurisdiction to consider the motion and was therefore justified in not reopening. *See* 8 C.F.R. § 1003.2(a) (allowing parties to request reopening or reconsideration only in cases "in which a decision has [previously] been made by the Board"); *cf. Bonilla v. Lynch*, 840 F.3d 575, 580–81, 583–84 (9th Cir. 2016) (explaining that the BIA had to consider the respondent's motion to reopen where the respondent's claim had been previously rejected by the Board).

Abdi's motion to reopen was properly denied. We therefore lack jurisdiction to consider his other claim that the IJ failed to sufficiently develop the record. The untimely nature of Abdi's motion to reopen bars consideration of the IJ's conduct at the merits hearing.

**PETITION DENIED.**

3