**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS ALFREDO ANDRADE-POCASANGRE,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 11-73252<br><br>Agency No. A029-255-476<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2015[**]

Before:      HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Carlos Alfredo Andrade-Pocasangre, a native of Guatemala and dual citizen of Guatemala and El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review and remand.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

In denying Andrade-Pocasangre's second motion to reopen as untimely and number-barred, the BIA found that Andrade-Pocasangre failed to establish membership in a particular social group and failed to establish changed circumstances arising in his country of nationality or in the country to which removal has been ordered. When the BIA issued its decision in this case it did not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc) (recognizing that witnesses who testify against gang members may constitute a particular social group), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), and *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), or the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014). In addition, the BIA did not have the benefit of this court's decision in *Chandra v. Holder*, 751 F.3d 1034 (9th Cir. 2014) (holding that the BIA was required to consider changed country conditions as they related to a change in petitioner's personal circumstances). Thus, we remand Andrade-Pocasangre's motion to reopen for the agency to determine the effect, if any, of these decisions. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam). In light of this conclusion, we do not reach Andrade-Pocasangre's remaining contentions.

**PETITION FOR REVIEW GRANTED; REMANDED.**