**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| QIU QUIANG-LI,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 11-72820<br><br>Agency No. A070-167-870<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 3, 2015**
Pasadena, California

Before: O'SCANNLAIN, FISHER and BYBEE, Circuit Judges.

Qiu Quiang-Li petitions for review of the decision of the Board of

Immigration Appeals (BIA) denying his motion to reopen his removal proceedings.

We have jurisdiction under 8 U.S.C. § 1252, we review for an abuse of discretion,

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*see Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and we deny the petition.

1.  The BIA did not misstate the basis of Quiang-Li's motion to reopen. Although the BIA noted that Quiang-Li's conversion to Christianity was a change in personal circumstances that did not qualify as a change in country conditions, the Board went on to address, and reject, Quiang-Li's argument regarding changed country conditions in China. *See Chandra v. Holder*, 751 F.3d 1034, 1038-39 (9th Cir. 2014) (holding that a petitioner's untimely motion to reopen may qualify under the changed conditions exception, even if the changed country conditions are made relevant by a change in the petitioner's personal circumstances, so long as the petitioner ultimately establishes not only a change in personal circumstances but also a change in country conditions).

2.  Substantial evidence supports the BIA's conclusion that Quiang-Li failed to establish a material change in country conditions for Christians in China. The 2009 State Department reports upon which Quiang-Li relies show a continuation rather than a material change in conditions. The 2009 ChinaAid report contains no information regarding Quiang-Li's home Fujian Province and includes no comparison between 2009 and 1994. The 1995, 1997 and 2006 country reports upon which Quiang-Li relies to establish a baseline are not a part of the

administrative record and, accordingly, are not included in our review. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc). The personal evidence presented by Quiang-Li, including the letter from his aunt in China, would lend some support to a claim for asylum, but does not compel the conclusion that conditions have materially worsened for Christians in China between 1994 and 2010.

3. Because the BIA properly denied the motion to reopen due to Quiang-Li's failure to establish a material change in country conditions, we do not reach his challenge to the BIA's alternative ruling that he failed to establish prima facie eligibility for relief.

**PETITION DENIED.**