**NOT FOR PUBLICATION**

FILED

OCT 28 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KHIN HLAING SOE, AKA Nay Lin Sean, | No. 10-73945 |
| Petitioner, | Agency No. A095-280-955 |
| v. | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2015[**]
San Francisco, California

Before: SILVERMAN and CHRISTEN, Circuit Judges and DUFFY,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kevin Thomas Duffy, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

Khin Hlaing Soe petitions for review of the Board of Immigration Appeals' dismissal of his appeal from the Immigration Judge's denial of his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252(a)(1). We grant Soe's petition and remand to the BIA.

At the time the BIA dismissed Soe's appeal, we had not yet decided *Chandra v. Holder*, 751 F.3d 1034 (9th Cir. 2014). In *Chandra*, we held that "a petitioner's untimely motion to reopen may qualify under the changed conditions exception in 8 C.F.R. § 1003.2(c)(3)(ii), even if the changed country conditions are made relevant by a change in the petitioner's personal circumstances."[1] *Id.* at 1038. When the BIA made its decision in Soe's case, it did not consider how Soe's publicly documented involvement in pro-democracy, Burmese groups in San Francisco beginning in 2005 made relevant his substantial evidence of changed country conditions in Burma; namely, the government's treatment of returning citizens who protested against it while abroad and its inquiry into his whereabouts and activities shortly after he participated in protests against it in San Francisco. In accordance with *Chandra*, the BIA should consider Soe's changed personal circumstances in light of the evidence of changed country conditions. Therefore,

---

[1]The language in § 1003.2(c)(3)(ii) is identical to the language pertaining to changed country conditions in the regulation applicable to Soe – 8 C.F.R. § 1003.23(b)(4)(i) – who moved to reopen before the IJ rather than the BIA.

we grant Soe's petition and remand to the BIA for reconsideration.  *See INS v.*

*Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION GRANTED; REMANDED**.