**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 10 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IYABO WILLIAMS, AKA Iyabode Olatokunbo Naborne-Bankole, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 12-71571 <br><br> Agency No. A040-392-119 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 22, 2015
San Francisco, California

Before: PAEZ, MURGUIA, and HURWITZ, Circuit Judges.

Iyabo Williams petitions for review of the Board of Immigration Appeals'

("BIA") order denying her motion to reopen removal proceedings. Because the

BIA acted contrary to law, we hold that it abused its discretion and grant

Williams's petition for review.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**1.**     The BIA's order, although unclear,[1] appears to reject Williams's claim to changed circumstances because threats she received in 2010 were not qualitatively different than all previous threats, including threats that she continued to receive until 1997 or 1998. The BIA's disposition therefore contravenes the applicable regulation, which requires a determination of whether Williams's evidence is qualitatively different from evidence available at the time of her 1993 merits hearing. 8 C.F.R. § 1003.2(c)(3)(ii); *see also Malty v. Ashcroft*, 381 F.3d 942, 946 (9th Cir. 2004).

**2.**     The BIA's disposition is also inconsistent with *Chandra v. Holder*, 751 F.3d 1034 (9th Cir. 2014), because it discounted threats Williams received in the United States based on the erroneous premise that "[t]hreats in the United States are not changed conditions in Nigeria[.]" Although changed personal circumstances alone are insufficient to support a motion to reopen, they may bear on the materiality of changed circumstances in Nigeria. *See id.* at 1036-39.

**PETITION GRANTED.**

---

[1]The government acknowledged that the BIA's "decision on this issue might have been more artfully drafted."