**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2644
_____

GURMEET RINKU SINGH,

                                        Petitioner

v.

THE ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,

                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A201-104-841)
Immigration Judge:  Honorable Leo A. Finston

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 22, 2016

Before:  AMBRO, GREENAWAY, JR. and SLOVITER[1], Circuit Judges

(Opinion filed: May 5, 2016)
_____

OPINION[*]
_____

---

[1] The Honorable Dolores K. Sloviter participated in the decision in this case.  Judge Sloviter assumed inactive status on April 4, 2016 after the submission date, but before the filing of the opinion.  This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) and Third Circuit I.O.P. Chapter 12.

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se petitioner Gurmeet Singh petitions for review of the order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's denial of his motion to reopen. We will deny the petition.

Singh is a citizen of India. He entered the United States in 2010. In 2011, the Department of Homeland Security charged Singh with being removable as an alien who applied for admission in the United States without a valid entry document. See 8 U.S.C. § 1182(a)(7)(A)(i)(I). Singh filed an application for asylum, withholding of removal, and relief under the Convention Against Torture, alleging that he had been harmed and feared that he would be harmed in the future because he is a Sikh and a member of the BJP party. Before the Immigration Judge (IJ) held a hearing, however, Singh voluntarily withdrew his requests for relief, and on April 23, 2012, the IJ ordered him removed to India. Singh did not appeal that order to the BIA or this Court.

On November 18, 2013, Singh filed a motion to reopen with the IJ. He alleged that, after being ordered removed, he had been convicted in the New Jersey Superior Court of criminal sex contact in violation of N.J. Stat. Ann. § 2C:14-3(b), and that the police in India will detain and punish him for this offense. The IJ denied the motion, and Singh appealed to the BIA. The BIA dismissed the appeal. The BIA ruled that the motion to reopen was untimely, and that Singh had failed to demonstrate the change in country conditions necessary to satisfy an exception to the general time limitation. Singh filed a timely petition for review to this Court.

We have jurisdiction under 8 U.S.C. § 1252(a) to review the BIA's denial of Singh's motion to reopen.[2] The BIA's decision is entitled to "broad deference," Fei Yan Zhu v. Att'y Gen., 744 F.3d 268, 271 (3d Cir. 2014) (quoting Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003)), and "will not be disturbed unless [it is] found to be arbitrary, irrational, or contrary to law," id. (alteration in original) (quoting Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004)).

In general, a motion to reopen must be filed within 90 days of the entry of the final order of removal. See 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Singh filed his motion to reopen nearly 19 months after the IJ entered the removal order in his case. However, the 90-day deadline does not apply to a motion that relies on evidence of "changed country conditions . . . [that] is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii). Singh invokes this exception.

However, as the BIA concluded, the only evidence that Singh presented was that he has since been convicted of a crime, and this type of change in personal circumstances, standing alone, does not warrant reopening. See Khan v. Att'y Gen., 691 F.3d 488, 497-98 (3d Cir. 2012). Singh presented no information whatsoever showing that conditions in India for individuals who committed crimes abroad have changed since the time of his initial immigration proceedings. See generally Pllumi v. Att'y Gen., 642

---

[2] We lack jurisdiction to review the underlying order of removal. See Stone v. INS, 514 U.S. 386, 405-06 (1995).

3

F.3d 155, 161 (3d Cir. 2011); cf. Chandra v. Holder, 751 F.3d 1034, 1037 (9th Cir. 2014) (concluding that an alien can satisfy 8 C.F.R. § 1003.2(c)(3)(ii) by presenting "evidence of changed country conditions that are relevant in light of the petitioner's changed circumstances"). Accordingly, the BIA did not err in affirming the IJ's denial of reopening.

We will therefore deny the petition for review.