**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


|  |  |
|---|---|
| CHEN LI, | No. 17-70111 |
| Petitioner, | Agency No. A089-880-152 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2020**
Pasadena, California

Before: THOMAS, Chief Judge, and WARDLAW and NGUYEN, Circuit Judges.

Chen Li, a Chinese citizen, petitions for review of a decision by the Board of

Immigration Appeals ("BIA") denying her motion to reopen her removal

proceedings. We have jurisdiction under 8 U.S.C. § 1252, and we deny the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

petition.  Because the parties are familiar with the history of the case, we need not recount it here.

We review the BIA's denial of a motion to reopen removal proceedings for abuse of discretion.  *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011).  We review factual findings underlying the BIA's decision for substantial evidence. *Khup v. Ashcroft*, 376 F.3d 898, 902 (9th Cir. 2004).

The BIA did not abuse its discretion in concluding that Li's motion to reopen was untimely because Li filed the petition more than 90 days after the BIA's final decision denying her asylum application.  *See* 8 C.F.R. § 1003.2(c)(2). The BIA properly concluded that Li's motion did not warrant an exception to the usual 90-day limit because she did not produce sufficient evidence of changed country conditions in China, but instead relied only on changed personal circumstances.  *See* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Chandra v. Holder*, 751 F.3d 1034, 1037 (9th Cir. 2014) (holding that evidence of changes in personal circumstances alone, without evidence of changed country conditions, is insufficient to warrant reopening of proceedings).  Li also fails to produce sufficient evidence that the 90-day limit should have been equitably tolled due to ineffective assistance of counsel.

Substantial evidence supports the BIA's alternate conclusion that Li did not establish prima facie eligibility for the relief she seeks. A petitioner may seek asylum based on past persecution or a well-founded fear of future persecution because of her membership in the class of "gay men with female sexual identities." *Hernandez-Montiel v. I.N.S.*, 225 F.3d 1084, 1091 (9th Cir. 2000), *overruled on other grounds by Thomas v. Gonzales*, 409 F.3d 1177 (9th Cir. 2005). Though Li fits within this particular social group, the evidence Li submitted of past harassment on account of her perceived gender identity, while disturbing, does not rise to the extreme level of persecution, and she submitted no evidence to support a fear of future persecution. *Cf. id.* at 1097 (holding that repeated rape and sexual assault by members of the police force on account of the petitioner's sexual identity constituted persecution); *see also Pedro-Mateo v. I.N.S.*, 224 F.3d 1147, 1150 (9th Cir. 2000) ("A failure to satisfy the lower standard of proof required to establish eligibility for asylum . . . necessarily results in a failure to demonstrate eligibility for withholding of deportation). Li also did not submit evidence that it was more likely than not that she will be tortured based on her status if she is returned to China, as the CAT requires. *See* 8 C.F.R. § 1208.16(c); *cf. Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1079–82 (9th Cir. 2015) (holding that the petitioner was entitled to CAT protection based on evidence that she had suffered

3

repeated sexual abuse at the hands of government officials specifically because of her sexual identity and unrebutted country conditions evidence showing that such violence continues to plague transgendered women in Mexico).

We lack jurisdiction to consider Li's initial application for asylum because she did not petition this Court for review within 30 days of the BIA's dismissal of her appeal. 8 U.S.C. § 1252(b)(1); *see also Abdisalan v. Holder*, 774 F.3d 517, 521 (9th Cir. 2014) (en banc) (stating, "This time limit is mandatory and jurisdictional.") (internal quotation marks and citation omitted).

We deny Petitioner's Motion to Hold Proceedings in Abeyance.

**PETITION DENIED.**