**NOT FOR PUBLICATION**



FILED

AUG 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAVIER HERNANDEZ-SALAZAR,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    14-73237

Agency No. A098-269-546

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 4, 2020[**]
San Francisco, California

Before:  THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Javier Hernandez-Salazar ("Hernandez-Salazar"), a native and citizen of

Mexico, petitions for review of a Board of Immigration Appeals ("BIA") decision

denying a motion to reopen removal proceedings.  Because the parties are familiar

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

with the facts of the case, we need not recount them here. We have jurisdiction under 8 U.S.C. § 1252, and we deny in part and dismiss in part the petition.

1. We review the BIA's decision to deny the motion to reopen for abuse of discretion. *See Chandra v. Holder*, 751 F.3d 1034, 1036 (9th Cir. 2014). Here, the BIA did not abuse its discretion in finding that Hernandez-Salazar's motion was untimely and number-barred because he failed to demonstrate changed country conditions in Mexico since the time of his removal order. *See* 8 U.S.C. § 1229a(c)(7) (providing that only one motion to reopen, which must be filed within 90 days of a final order of removal, may be submitted unless the motion "is based on changed country conditions"). Hernandez-Salazar's motion was filed five years after his final order of removal, and the evidence he provided shows that the conditions he complains of existed at the time of his earlier hearing. We deny this portion of the petition.

2. We have jurisdiction to review BIA "decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). Hernandez-Salazar challenges the BIA's refusal to reopen his case *sua sponte*, but does not identify any legal or constitutional error in the BIA's

2

reasoning.  Thus, we do not have jurisdiction to review the refusal to reopen *sua sponte*, and we dismiss this portion of the petition.

**PETITION DENIED IN PART; DISMISSED IN PART.**