**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-1290

_____

WANDER PIRES-PAIVA,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA

_____

On Petition for Review of a Decision
of the Board of Immigration Appeals
(Agency No. A074-324-937)
Immigration Judge: Ramin Rastegar

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 17, 2020

Before: KRAUSE, RESTREPO, and BIBAS, *Circuit Judges*

(Filed: September 18, 2020)

---

**OPINION**[*]

---

KRAUSE, *Circuit Judge*.

Wander Pires-Paiva appeals the Board of Immigration Appeals's (BIA) denial of his motion to reopen based on changed country conditions or the BIA's *sua sponte* authority. Because the BIA did not abuse its discretion in concluding that Pires-Paiva did not submit evidence of changed country conditions and because Pires-Paiva has not carried his burden of demonstrating that we may review the BIA's refusal to reopen *sua sponte*, we will deny the petition for review.

## I. DISCUSSION[1]

Pires-Paiva urges that the BIA committed two errors: (1) declining to reopen based on evidence of changed country conditions; and (2) declining to reopen *sua sponte*. We consider each in turn.

### A. The BIA did not abuse its discretion in declining to reopen based on changed country conditions.

We review the BIA's denial of a motion to reopen for abuse of discretion and will grant a petition for review on that basis only if the decision was "arbitrary, irrational, or

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The BIA had jurisdiction under 8 C.F.R. §§ 1003.1(b) and 1240.15, and we exercise jurisdiction under 8 U.S.C. § 1252.

contrary to law." *Liem v. Att'y Gen.*, 921 F.3d 388, 395 (3d Cir. 2019) (citation omitted). Generally, noncitizens may file only one motion to reopen and must do so within ninety days of the date of entry of the final order concluding the removal proceedings. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). But these time and number bars are relaxed when a petitioner moves "[t]o apply or reapply for asylum or withholding of deportation based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see* 8 U.S.C. § 1229a(c)(7)(C)(ii). At that point, "the BIA has a heightened duty to explicitly consider any country conditions evidence submitted by an applicant that materially bears on his claim." *Liem*, 921 F.3d at 395 (internal quotation marks and citation omitted). But relief is available only if the petitioner presents evidence of materially changed country conditions since the time of his previous hearing. *Id.*; 8 C.F.R. § 1003.2(c)(3)(ii).

Here, Pires-Paiva submitted no such evidence. He directs us to evidence of Rogerio Hamilton's escalating aggression towards his family, but "application of 8 U.S.C. § 1229a(c)(7)(C)(ii) cannot be based on changed personal circumstances *alone*," *Khan v. Att'y Gen.*, 691 F.3d 488, 498 (3d Cir. 2012) (emphasis added). There may be cases where "changed country conditions are made relevant by a change in the petitioner's personal circumstances," *Chandra v. Holder*, 751 F.3d 1034, 1038 (9th Cir. 2014); *see also Shu Han Liu v. Holder*, 718 F.3d 706, 709 (7th Cir. 2013); *Yu Yun Zhang v. Holder*, 702 F.3d 878, 879–80 (6th Cir. 2012); *Xue Xian Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1258 (11th Cir.

2009), but that is not the case here. Pires-Paiva has not demonstrated any change in the level of corruption, the success of the Brazilian police force's enforcement efforts, or the security of those who testify against drug dealers in court since the time of his initial proceeding that would be made relevant by Hamilton's actions.

Given Pires-Paiva's showing, the BIA did not err in concluding that he did not submit evidence of changed country conditions since his previous hearing affecting the "treatment of individuals by Rogerio Hamilton in Brazil."[2]  JA 2–4.

**B.      We lack jurisdiction to review the BIA's refusal to reopen sua sponte.**

"[O]rders by the BIA declining to exercise its discretion to reopen *sua sponte* are functionally unreviewable" unless the BIA "relie[d] on an incorrect legal premise" or "limited its discretion via a policy, rule, settled course of adjudication, or by some other method." *Sang Goo Park v. Att'y Gen.*, 846 F.3d 645, 651, 653 (3d Cir. 2017).  Neither exception applies here.  Pires-Paiva has not flagged an incorrect legal premise, and we perceive no such error.  Nor has he pointed to any case law that allows for a reasonable inference that the BIA has cabined its own discretion.

---

[2] Whether framed in those terms or more broadly as a lack of evidence of changed circumstances for those who testify against drug dealers in court, the BIA's conclusion was apt.  Because we may resolve this claim on this ground alone, we will not wade into the BIA's alternative ground for denying relief—Pires-Paiva's failure to demonstrate a prima facie case for relief because his alleged persecution stems from a personal vendetta.  *See Gonzalez-Posadas v. Att'y Gen.*, 781 F.3d 677, 685 (3d Cir. 2015) ("Conflicts of a personal nature and isolated criminal acts do not constitute persecution on account of a protected characteristic."); *En Hui Huang v. Att'y Gen.*, 620 F.3d 372, 389 (3d Cir. 2010) (detailing three bases for denial of a motion to reopen, including failure to "establish[] a prima facie case for the relief sought" (citation omitted)).

## II. CONCLUSION

For the forgoing reasons, we will deny the petition for review.