NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 23 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WAWAN GUNTORO HADI SEPUTRO,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    14-73830

Agency No. A096-362-835

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 3, 2020[**]
Pasadena, California

Before:  SILER,[***] BERZON, and LEE, Circuit Judges.

Wawan Seputro, a native and citizen of Indonesia, seeks review of the Board

of Immigration Appeals' (BIA) denial of his motion to reopen removal proceedings.

We have jurisdiction under 8 U.S.C. § 1252(a), and we review the BIA's denial of a

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]      The Honorable Eugene E. Siler, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

motion to reopen for abuse of discretion. *See Martinez v. Barr*, 941 F.3d 907, 921 (9th Cir. 2019). We deny the petition.

Seputro argues that his 2014 motion to reopen is excused from timely filing requirements because conditions for Christians in Indonesia have sufficiently changed since his merits hearing in 2010. Thus, he maintains that his motion fits within the "changed conditions exception" to these requirements. *See Chandra v. Holder*, 751 F.3d 1034, 1036–37 (9th Cir. 2014). But the evidence cited by Seputro is not "qualitatively different" from evidence considered in Seputro's earlier hearing. *See Najmabadi v. Holder*, 597 F.3d 983, 987 (9th Cir. 2010).

The news articles submitted by Seputro in 2014 recount a similar mistreatment of Christians that he described during his 2010 hearing. These actions, while troubling, are not qualitatively different from the prior experiences cited by Seputro. The evidence proffered by Seputro does not show a material change in conditions for Indonesian Christians between 2010 and 2014 sufficient to excuse his untimely filing of his motion to reopen. Thus, the BIA did not abuse its discretion in so deciding.

Though *Salim v. Lynch*, 831 F.3d 1133, 1138–39 (9th Cir. 2016) found a change in conditions for Christians in Indonesia from 2006 to 2013, that case dealt with a different record and a different time period. The relevant time period to consider here is from 2010 to 2014. It appears that there was a major change in

conditions for Indonesian Christians after 2006 but before 2010, which means that conditions could have materially changed between 2006 to 2013 but not from 2010 to 2014.

**PETITION DENIED.**[1]

---

[1] We also deny Seputro's motion to refer this case to mediation (Dkt. No. 30).