**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HAJI FOFANA, | No. 20-72373 |
| Petitioner, | Agency No. A078-675-778 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2021**

Before:    CANBY, TASHIMA, and MILLER, Circuit Judges.

Haji Fofana, a native and citizen of Sierra Leone, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

abuse of discretion the BIA's denial of a motion to reopen.  *Mohammed v.*

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion in denying Fofana's motion to reopen to apply for asylum and related relief as numerically barred and untimely, where it was the second such motion and was filed more than nine years after the order of removal became final, and where Fofana did not establish that a statutory or regulatory exception applies to excuse the time and number limitations. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i)-(ii); 8 C.F.R. § 1003.2(c)(3); *Chandra v. Holder*, 751 F.3d 1034, 1036-37 (9th Cir. 2014) (an applicant may not rely solely on a change in personal circumstances in order to demonstrate changed country conditions); *Almaraz v. Holder*, 608 F.3d 638, 640 (9th Cir. 2010) ("Thus, even if a change in personal circumstances is sufficient to file a successive asylum petition . . . a change in country conditions must still be demonstrated if the accompanying motion to reopen is untimely.").

In light of this disposition, we need not reach Fofana's contentions regarding prima facie eligibility. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

**PETITION FOR REVIEW DENIED.**