**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KULVINDER SINGH,

               Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No.   18-70226

Agency No. A075-245-991

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2022[**]
San Francisco, California

Before: SILER,[***] M. SMITH, and BRESS, Circuit Judges.

Kulvinder Singh petitions for review of the Board of Immigration Appeals'

(BIA) denial of his motion to reopen his immigration proceedings based on changed

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

country conditions. Singh was last before an immigration judge (IJ) in 2004 for a hearing in which Singh had sought adjustment of status. The IJ denied his application and ordered him removed to India. In 2017, Singh filed the present motion to reopen, alleging changed circumstances in India regarding the treatment of Sikhs who advocate for an independent Sikh state, Khalistan. He offered evidence that he was affiliated with the Shiromani Akali Dal Amritsar, a pro-Khalistan political party, and argued that, as a result, he would be persecuted or tortured if removed to India. Because the BIA did not abuse its discretion when it found that Singh failed to show a material change in country conditions, we **DENY** the petition.

We review the BIA's denial of a motion to reopen for abuse of discretion, and maty grant relief if the agency "acts arbitrarily, irrationally, or contrary to the law, and when it fails to provide a reasoned explanation for its actions." *Hernandez-Galand v. Garland*, 996 F.3d 1030, 1034 (9th Cir. 2021). We review any factual findings for substantial evidence, leaving them undisturbed "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

A motion to reopen to apply for asylum, withholding of removal, and/or protection under the Convention Against Torture, based on changed country conditions that could not have been discovered or presented at the prior hearing, may be filed at any time. *Agonafer v. Sessions*, 859 F.3d 1198, 1203-04 (9th Cir. 2017).

2

Therefore, Singh's motion is timely, and we must review the BIA's denial of that motion on the merits.

Substantial evidence supports the BIA's conclusion that Singh failed to demonstrate a material change in conditions in India. A petitioner seeking to reopen his case based on changed country conditions must demonstrate that circumstances have sufficiently changed from the time of his previous hearing to those at the time of the motion to reopen such that he now has a legitimate claim for relief. *Rodriguez v. Garland*, 990 F.3d 1205, 1208 (9th Cir. 2021). The newly submitted evidence may not simply recount previous conditions—rather, it must be "qualitatively different" from the evidence available at the former hearing. *Najmabadi v. Holder*, 597 F.3d 983, 987 (9th Cir. 2010).

Here, country conditions evidence pre-dating Singh's 2004 proceeding indicates that Indian authorities, in their efforts to suppress extremist violence, have targeted primarily Khalistan supporters whom they considered terrorists. The evidence Singh included with his 2017 motion reveals similar circumstances. For instance, the 2015 Immigration and Refugee Board of Canada Report explains that Sikhs suspected of being militant sympathizers are "subject to monitoring and in some cases, detention and torture." Thus, substantial evidence supports the BIA's conclusion that the 2017 evidence merely "reflects a continuation of an ongoing struggle" that predates Singh's 2004 hearing.

Nevertheless, Singh argues that the BIA should have considered his new political involvement in the Shiromani Akali Dal Amritsar as a "qualitative difference." But changed personal circumstances—absent a showing of changed country conditions—cannot serve as basis for reopening. *Chandra v. Holder*, 751 F.3d 1034, 1037-38 (9th Cir. 2014).

We accordingly **DENY** the petition.