NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 13 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIRIAN CARCAMO-MEDRANO, AKA Miriam S. Carcamo, | No. 20-71084 |
| Petitioner, | Agency No. A072-988-342 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2023**
Pasadena, California

Before: WATFORD, FRIEDLAND, and BENNETT, Circuit Judges.

Mirian Carcamo-Medrano, a native and citizen of Honduras, petitions for review of a decision by the Board of Immigration Appeals ("BIA") denying her motion to reopen her removal proceedings to apply for asylum, withholding of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture.  We deny in part and dismiss in part the petition for review.

The BIA denied Carcamo-Medrano's untimely and numerically barred motion to reopen, concluding that Carcamo-Medrano's new same-sex relationship was a change in personal circumstances and not a change in country conditions.  In reaching that conclusion, the BIA reasoned that Carcamo-Medrano had not shown that country conditions in Honduras had materially worsened for gay people since her original deportation hearing in 1993.  Because the record lacks evidence showing that country conditions for gay people in Honduras materially worsened between 1993 and 2019, the BIA did not abuse its discretion in denying Carcamo-Medrano's untimely and numerically barred motion to reopen.  *See Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016) ("[T]he changed country conditions exception [to the 90-day deadline for filing a motion to reopen] is concerned with two points in time: the circumstances of the country at the time of the petitioner's previous hearing, and those at the time of the motion to reopen."); *Chandra v. Holder*, 751 F.3d 1034, 1037 (9th Cir. 2014) (explaining that to qualify for the country-conditions exception to the deadline for a motion to reopen, a noncitizen may not "rel[y] *solely* on a change in personal circumstances") (emphasis in original).

To the extent Carcamo-Medrano argues that the BIA erred in not equitably tolling the deadline for filing her motion to reopen, Carcamo-Medrano did not

meaningfully present an equitable tolling argument to the BIA, so we lack jurisdiction to consider this argument. *Amaya v. Garland*, 15 F.4th 976, 986 (9th Cir. 2021) (holding that this court lacks jurisdiction to review conclusory arguments not meaningfully presented to the BIA).  To the extent Carcamo-Medrano is attempting to assert a due process argument, her argument is not raised with enough specificity for us to address it.  *See Rios v. Lynch*, 807 F.3d 1123, 1125 n.1 (9th Cir. 2015) (holding that a claim that is not addressed with any specificity in a brief is deemed abandoned); *see also Grigoryan v. Barr*, 959 F.3d 1233, 1240 (9th Cir. 2020) (holding that a successful due process challenge requires establishing error and substantial prejudice).

**Petition DENIED in part and DISMISSED in part.**