**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 9 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GABINO MORALES RAMIREZ, | No. 21-1219 |
| Petitioner, | Agency No. A200-242-344 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2023**
Pasadena, California

Before: PAEZ and H.A. THOMAS, Circuit Judges, and COLLINS, District Judge.***

Gabino Morales Ramirez ("Morales Ramirez"), a native and citizen of

Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") denial

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

of his motion to reopen proceedings for his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the agency's denial of a motion to reopen for abuse of discretion. *Chanda v. Holder*, 751 F.3d 1034, 1036 (9th Cir. 2014). We deny the petition.

The BIA did not abuse its discretion by denying Morales Ramirez's motion to reopen because he failed to establish a material change in country conditions in Mexico. *See* 8 U.S.C § 1229a(c)(7)(C)(ii); *Salim v. Lynch*, 831 F.3d 1133, 1138 (9th Cir. 2016). Morales Ramirez, a Christian minister, argues that conditions in Mexico have changed materially since his last immigration hearing because violence in the country has worsened generally and against Christian leaders. Morales Ramirez relies on undifferentiated threats to the group as a whole and draws the conclusion that "he will be targeted for persecution, tortured, or even killed if he returns to Mexico."

Although homicide rates have continued to rise in Mexico, evidence of this generalized violence is largely the same as the evidence that Morales Ramirez relied upon in his previous hearing and is insufficient to warrant reopening. *Najmabadi v. Holder*, 597 F.3d 983, 989 (9th Cir. 2010) (holding that evidence of continued, although worsening, conditions was insufficient to warrant reopening). Morales Ramirez has also failed to demonstrate that evidence regarding violence

against religious leaders has "individualized relevancy" to his renewed claim for relief. *Id.* Accordingly, the BIA's decision not to reopen proceedings was not "arbitrary, irrational, or contrary to law." *Singh v. Garland*, 46 F.4th 1117, 1122 (9th Cir. 2022).

**PETITION DENIED.**