**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SOPHANA KEO,

        Petitioner,

    v.

MERRICK B. GARLAND, Attorney General,

        Respondent.

No. 22-2039

Agency No.
A028-081-491

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 9, 2024**
Pasadena, California

Before: SILER***, BEA, and IKUTA, Circuit Judges.

Petitioner Sophana Keo is a Cambodian citizen admitted as a legal permanent

resident of the United States in 1988. In 1992, he was convicted of lewd acts against

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

a child under California law and, in 2018, ordered removed by an Immigration Judge ("IJ"). The Board of Immigration Appeals ("BIA") affirmed the IJ and later denied Keo's motion to reopen. He now petitions this court for review.

We review the denial of a motion to reopen for abuse of discretion. *Chandra v. Holder*, 751 F.3d 1034, 1036 (9th Cir. 2014). Accordingly, we must leave the BIA's decision undisturbed unless the decision is "arbitrary, irrational or contrary to law." *Id*. (quoting *Azanor v. Ashcroft*, 364 F.3d 1013, 1018 (9th Cir. 2004)). When, as here, petitioner raises an ineffective assistance of counsel claim, we review questions of law *de novo* and factual findings, such as those regarding counsel's performance, for substantial evidence. *Jie Lin v. Ashcroft*, 377 F.3d 1014, 1023 (9th Cir. 2004). To succeed on an ineffective assistance claim, an alien must show that "counsel's deficiency caused prejudice." Nehad v. Mukasey, 535 F.3d 962, 968 (9th Cir. 2008). "Prejudice only results when counsel's performance is 'so inadequate that it may have affected the outcome of the proceedings.'" *Id*. (quoting *Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir. 1999)). Applying this standard to Keo's request, we deny his petition.

1. Keo is HIV positive and suffers significant physical effects from this illness, including using a catheter for the rest of his life, loss of kidney function, and general ill health. He argues that counsel was ineffective for failing to introduce evidence about Cambodia's healthcare system, and particularly its ability to care for those

struggling with the effects of HIV, as part of his application for a waiver under 8 U.S.C. § 1182(c) (repealed 1996). He claims that healthcare for people with HIV is essentially nonexistent and that deportation would mean "certain death." His attorney, however, explains that she did not introduce this evidence because her research showed that the Cambodian healthcare system is improving, and that introduction of such evidence would harm Keo's application for a waiver. Keo does not rebut this assertion.

The BIA did not abuse its discretion in determining that counsel's performance was not so inadequate it may have affected the outcome of the proceedings. Even without the evidence of Cambodia's healthcare system, the IJ considered that Keo "will likely suffer significant hardship due to his medical condition due to the inferior medical care in Cambodia." Therefore, Keo's counsel's failure to introduce evidence regarding inferior medical care in Cambodia did not affect the outcome of the proceedings. Moreover, the BIA did not err in rejecting the argument that Keo's counsel was deficient, given the "strong presumption" that the decision whether to introduce this evidence was within the "wide range of reasonable professional assistance." *See Harrington v. Richter*, 562 U.S. 86, 104 (2011) (citation omitted).

2.     In the penultimate paragraph of his discussion, the IJ noted that Keo's "CAT claim was frivolous" and therefore it was "an additional adverse factor in [the] case."

Keo argues that his attorney was therefore constitutionally ineffective for misleading him into filing a meritless claim. The BIA did not abuse its discretion in determining that Keo's frivolous CAT claim did not affect the outcome of the proceedings.

First, to the degree that the IJ considered Keo's frivolous CAT claim as an "additional adverse factor" against him, it was relatively minor compared to the sheer weight of negative evidence against him. As the Board noted in its order denying Keo's motion to reopen, the IJ considered the frivolousness of the CAT petition while considering "several other factors including, predominantly, [Keo's] lack of demonstrated rehabilitation and the seriousness of [his] convictions." What's more, in affirming Keo's direct appeal, the Board endorsed the IJ's balance of the "equities and hardships" he faced against the "significant adverse factors of his convictions for two counts of lewd act [sic] upon a child under the age of 14 years[,]" particularly in light of his "claims of innocence [] and attempts to re-litigate" his convictions. Given the numerous adverse factors weighing against Keo, the BIA did not abuse its discretion in rejecting the argument that the assertion of the frivolous CAT claim may have affected the outcome of the proceedings.

Second, Keo's counsel rebutted the accusations that he was "misled" into approving the filing of a CAT petition. "She denie[d] misleading [him] and claim[ed] he and his family were well-informed about what was involved in a claim for protection under the CAT." The IJ's credibility determination in favor of counsel

and against Keo is not one we can disturb without far more evidence than Keo provided—none. Keo has failed to show either prejudice or deficient performance.

3.      Finally, Keo argues that counsel was ineffective for failing to raise a challenge to the IJ's neutrality. He claims that the IJ "aggressively" interfered in his attorney's presentation of the case, keeping her from eliciting certain evidence from him during testimony and inhibiting her from "delving into the facts underlying [his] criminal offense." Keo provides two record citations to show this bias. Both describe testy exchanges between the IJ and Keo's counsel about attempts, in the IJ's view, to re-litigate the merits of Keo's felony convictions. In fact, at one point his attorney seemed to object that because Keo had "claimed his innocence all the time," she had a right to introduce certain testimony related to Keo's ongoing attempts to vacate his prior felony convictions. As the Board noted, "the record reflects that the [IJ] provided ample opportunity for questioning of the respondent, including allowing opportunity for redirect examination, and allowing the respondent to present and question five witnesses." As we do not see any evidence of prejudice, Keo's attorney cannot be ineffective for failing to raise such an argument.

The petition for review is DENIED.