**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 24 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YENNI LUKMAN SIMON, | No. 15-70051 |
| Petitioner, | Agency No. A089-884-296 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 3, 2020**
Pasadena, California

Before: SILER,*** BERZON, and LEE, Circuit Judges.

Yenni Simon petitions for review of the Board of Immigration Appeals'

(BIA's) denial of her motion to reopen removal proceedings. We have jurisdiction

under 8 U.S.C. § 1252(a), and we review the BIA's denial of a motion to reopen for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

abuse of discretion. *See Martinez v. Barr*, 941 F.3d 907, 921 (9th Cir. 2019). We deny the petition.

Simon argues that her failure to timely file her motion to reopen, filed in 2014, is excused because conditions for Christians in Indonesia have sufficiently changed since her merits hearing in 2010. *See Chandra v. Holder*, 751 F.3d 1034, 1036–37 (9th Cir. 2014) (explaining "changed conditions exception" to time limitation for motion to reopen).

The evidence that Simon proffered in her motion to reopen, however, is not "qualitatively different" from the evidence in the previous hearing. *See Najmabadi v. Holder*, 597 F.3d 983, 987 (9th Cir. 2010). In her merits hearing, Simon filed reports and news articles about the mistreatment of Christians in Indonesia, including vandalism against churches and refusals by local officials to grant Christian groups permission to build permanent structures. The evidence attached to the motion to reopen is largely of the same type: reports and news articles detailing discrimination against Christians and refusals by local officials to allow Christian churches to operate. Though Simon's new evidence shows the same troubling situation as her old evidence, the new evidence does not show that from 2010 through 2014 the treatment of Christians has deteriorated.

Though *Salim v. Lynch*, 831 F.3d 1133, 1138–39 (9th Cir. 2016), found a change in conditions for Christians in Indonesia from 2006 to 2013, that case dealt

with a different record and a different time period. For example, many of the incidents that Simon pointed to in her initial merits hearing occurred in 2008 and 2009. In Simon's case, however, the relevant time period to consider is from 2010 to 2014. It appears that there was a major change in conditions for Indonesian Christians after 2006 but before 2010, which means that conditions could have materially changed from 2006 to 2013 but not from 2010 to 2014.

As for the alleged discrimination against ethnic Chinese residents, Simon points only to personal anecdotes to show changed conditions, which is insufficient to show changed conditions in the country as a whole. *See Chandra*, 751 F.3d at 1037 (noting that "the first requirement would prohibit a motion to reopen that relies *solely* on a change in personal circumstances").

**PETITION DENIED.**