NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 19 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SEYED ABOLFAZ AGHILI-MEHRIZI, AKA Seyed Aghilim, <br><br> Petitioner, <br><br> v. <br><br> JEFFREY A. ROSEN, Acting Attorney General, <br><br> Respondent. | No.   18-71840 <br><br> Agency No. A092-921-539 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 13, 2021[**]
Pasadena, California

Before:  FRIEDLAND and BENNETT, Circuit Judges, and EZRA,[***] District
Judge.

Seyed Abolfaz Aghili-Mehrizi, a native and citizen of Iran, petitions for

---

  [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

  [***]   The Honorable David A. Ezra, United States District Judge for the
District of Hawaii, sitting by designation.

review of a decision of the Board of Immigration Appeals ("BIA") affirming the decision of an Immigration Judge ("IJ") denying Aghili's motion to reopen his removal proceedings to apply for asylum, withholding of removal, and relief under the Convention Against Torture. Reviewing the BIA's decision for abuse of discretion, we deny the petition for review. *See Chandra v. Holder*, 751 F.3d 1034, 1036 (9th Cir. 2014).

A petitioner must generally file a motion to reopen removal proceedings "within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1). But this deadline does not apply to a motion to reopen "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding." 8 C.F.R. § 1003.23(b)(4)(i); *see Chandra*, 751 F.3d at 1036 n.1.

Aghili received a final removal order in 2006. His motion to reopen was filed in October 2017, after the 90-day deadline. He contends, however, that his motion qualifies for the changed country conditions exception because he converted from Islam to Christianity in August 2017, and because persecution against Christians in Iran has worsened in recent years.

Aghili has not made the requisite showing of changed country conditions.

2

"[T]he changed country conditions exception is concerned with two points in time: the circumstances of the country at the time of the petitioner's previous hearing, and those at the time of the motion to reopen." *Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016).[1]  The record here is devoid of evidence explaining how conditions in Iran changed between 2006, when Aghili's previous removal proceedings took place, and 2017, when he filed his motion to reopen.  Aghili cites only two pieces of documentary evidence: one report stating that since "Hassan Rouhani was elected [President of Iran] in 2013, the number of individuals from religious minority communities who are in prison because of their beliefs has increased"; and another report stating that Iranian "authorities detained tens of Christian converts" in 2016-17.  Even assuming that this evidence suggests a worsening of conditions for Christians as opposed to other religious minorities between 2013 and 2017, the record contains no information about whether conditions may have improved enough between 2006 and 2013 to counteract any deterioration between 2013 and 2017.  Because Aghili failed to "put forward material and previously unavailable evidence that the treatment of Christians had

---

[1] The BIA stated that the changed country conditions "assessment is made by comparing the evidence of country conditions *at the time [Aghili] fled Iran* with evidence presented with the motion [to reopen]."  The Government concedes that this statement is incorrect and inconsistent with *Salim*.  We nevertheless agree with the Government that the error was harmless.  Both the IJ and BIA focused their actual analysis on the timeframe from 2006, when Aghili's previous proceedings took place, to 2017, when his motion to reopen was filed.

worsened between his previous hearing in [2006] and the filing of his motion to reopen," *Chandra*, 751 F.3d at 1039, the BIA did not abuse its discretion in denying his motion as untimely.[2]

**PETITION DENIED.**

---

[2] Aghili protests that "the IJ and the BIA prevented [him] from presenting his asylum case" by requiring him to provide evidence of conditions in Iran in 2006. According to Aghili, he could not have submitted such evidence during his prior removal proceedings because he did not apply for asylum then. This argument misapprehends the evidentiary requirements of the changed country conditions exception. To qualify for the exception, Aghili did not have to provide evidence of 2006 country conditions contemporaneously; he could have done so when he filed his motion to reopen in 2017. *See* 8 C.F.R. § 1003.23(b)(3). But he did not provide the required evidence in either 2006 or 2017.

4