

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHARLEY ZACHARIA,

                  Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

                  Respondent.

No.   20-73096

Agency No. A075-683-010

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 8, 2022[**]
Pasadena, California

Before:  SCHROEDER, TALLMAN, and MILLER, Circuit Judges.

    Charley Zacharia, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' denial of his fourth motion to reopen.  Since

the denial of his third motion to reopen in 2018, Zacharia has come out as a gay

---

       [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

       [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

man, and his motion sought to reopen on the basis of changed country conditions in Indonesia with respect to the treatment of gay men. The BIA denied the motion because Zacharia did not provide evidence of what conditions in Indonesia were for gay men at the time Zacharia was ordered removed in 2002. *See Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016) (holding that a claim of changed country conditions depends on comparing the circumstances of the country at the time of the original hearing and those at the time of the motion to reopen).

Zacharia argues that the change in his personal circumstances is a relevant consideration. He relies on *Chandra v. Holder*, 751 F.3d 1034, 1038 (9th Cir. 2014), where we held that the BIA must consider changed country conditions as they relate to a change in personal circumstances. We agree that a change of status as to sexual orientation could serve as the basis to reopen a case even though that status played no part in his original proceedings. But the movant would nevertheless have to show that conditions in the country had changed for persons of that status since the original proceedings. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Salim*, 831 F.3d at 1137.

Zacharia has not made the required showing that conditions in Indonesia have worsened for gay men since Zacharia's original proceedings. At best, the evidence he submitted shows that while conditions for gay men are bad in

2

Indonesia, they have been that way for more than thirty years. Zacharia can not make the requisite showing of changed country conditions for reopening under 8 U.S.C. § 1229a(c)(7)(C)(ii). *See* 8 C.F.R. § 1003.2(c)(3)(ii).

The temporary stay of removal remains in effect until the mandate issues. The motion for stay of removal is otherwise denied.

The petition is **DENIED.**