**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 14 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LIDIA RAQUEL ARIAS-MERCADO, | No.   21-70490 |
| Petitioner, | Agency No. A200-815-324 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2022**
Seattle, Washington

Before:  NGUYEN, MILLER, and BUMATAY, Circuit Judges.

Lidia Raquel Arias Mercado petitions for review of an order of the Board of

Immigration Appeals ("BIA") denying her motion to reopen her removal

proceedings based on changed country conditions in El Salvador.  We have

jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The "critical question" is "whether circumstances have changed sufficiently [in the country of removal] that a petitioner who previously did not have a legitimate claim for [relief] now has a well-founded fear of future persecution." *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004). Accordingly, the evidence supporting the motion to reopen must be "qualitatively different" than the evidence available at the time of the petitioner's previous hearing. *Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016) (quoting *Malty*, 381 F.3d at 945).

Here, the evidence does not reflect a *change* in Salvadorian gangs' targeting of the families of their victims. And, at the time of her prior hearing, Arias Mercado's family had faced extortionate demands and accompanying death threats from gang members that are qualitatively similar to those she now cites as evidence of changed conditions. While a "significant quantitative difference" in country conditions may be sufficient to show a qualitative difference, the evidence in this case falls short. *Etemadi v. Garland*, 12 F.4th 1013, 1030 (9th Cir. 2021). Therefore, the BIA's determination that Arias Mercado failed to demonstrate changed circumstances in El Salvador material to her claim for relief was not "arbitrary, irrational or contrary to law." *Chandra v. Holder*, 751 F.3d 1034, 1036 (9th Cir. 2014) (quoting *Azanor v. Ashcroft*, 364 F.3d 1013, 1018 (9th Cir. 2004)). [1]

---

[1] The BIA sufficiently considered Arias Mercado's arguments and evidence in reaching its determination. While the BIA's decision must reflect consideration of the issues raised before it and provide sufficient explanation for review, it is not

Because Arias Mercado cannot demonstrate the requisite change in country conditions, we need not reach the BIA's alternate holding that she failed to establish prima facie eligibility for relief.

**PETITION DENIED.**

---

required to "write an exegesis on every contention." *Agonafer v. Sessions*, 859 F.3d 1198, 1206–07 (9th Cir. 2017) (quoting *Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004)).