**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANUEL DIAZ, AKA Diego Morales, | No. 20-71450 |
| Petitioner, | Agency No. A200-246-098 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 17, 2022[**]
San Francisco, California

Before: BYBEE, CALLAHAN, and COLLINS, Circuit Judges.

Manuel Diaz, a native and citizen of Mexico, petitions for review of a Board

of Immigration Appeals (BIA) decision denying his motion to reopen his removal

proceedings. We review the BIA's denial of a motion to reopen for an abuse of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion. *Chandra v. Holder*, 751 F.3d 1034, 1036 (9th Cir. 2014). "The BIA abuses its discretion when its denial of a motion to reopen is 'arbitrary, irrational or contrary to law.'" *Id.* (quoting *Azanor v. Ashcroft*, 364 F.3d 1013, 1018 (9th Cir. 2004)). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

A motion to reopen must ordinarily be filed within ninety days of the final order of removal, but an exception applies if the motion is based on changed country conditions and the "evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(i), (ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii); *Agonafer v. Sessions*, 859 F.3d 1198, 1203–04 (9th Cir. 2017). To succeed based on changed country conditions, the movant must: "(1) produce evidence that conditions have changed in the country of removal, (2) demonstrate that the evidence is material, (3) show that the evidence was not available and would not have been discovered or presented at the previous hearing, and (4) demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought." *Silva v. Garland*, 993 F.3d 705, 718 (9th Cir. 2021).

The BIA did not abuse its discretion in denying Diaz's motion to reopen because he did not demonstrate materially changed country conditions or prima

facie eligibility for relief. Neither the reports of generalized gang violence in Mexico nor the declaration from Diaz's sister were "qualitatively different" from the evidence presented at his prior hearing. *See Najmabadi v. Holder*, 597 F.3d 983, 987 (9th Cir. 2010) (quoting *Malty v. Ashcroft*, 381 F.3d 942, 945–46 (9th Cir. 2004)). While the articles submitted with his motion to reopen confirm that "Mexico saw its most killings in decades in 2017," Diaz offers no explanation why the incremental increase in generalized violence is material given the BIA's earlier specific finding that Diaz cannot establish a nexus based on the "widespread lawless[ness] and violence afflicting Mexico." And the verbal threats and attempted extortion directed at his sister and father are just further examples of the generalized violence by criminal elements that the BIA found bore no nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

Even accepting all of Diaz's evidence, he failed to establish that the violence his relatives have faced is motivated by a protected ground or that he will be targeted because of his familial ties. *See Matter of L-E-A-*, 27 I. & N. Dec. 40, 43 (B.I.A. 2017) ("An asylum applicant's membership in a family-based particular social group does not necessarily mean that any harm inflicted or threatened by the

3

persecutor is because of, or on account of, the family membership.").  The BIA

also reasonably concluded that Diaz's evidence failed to establish a prima facie

case for protection under the Convention Against Torture.  *See Delgado-Ortiz v.*

*Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (holding that "generalized evidence

of violence and crime" is "insufficient" to show a particularized likelihood of

torture).  On this record, the BIA's decision to deny Diaz's motion to reopen was

not arbitrary, irrational, or contrary to law.

**PETITION DENIED**.