**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 10 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALAN MARCELO VAZQUEZ-RAMOS, | No.    18-70556 |
| Petitioner, | Agency No. A087-966-784 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 6, 2023**

Before:    HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Alan Marcelo Vazquez-Ramos, a native and citizen of Mexico, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order denying his

motions to reopen and reconsider and dismissing his appeal from an immigration

judge's ("IJ") decisions finding him removable, denying his motion to terminate,

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen or reconsider. *Chandra v. Holder*, 751 F.3d 1034, 1036 (9th Cir. 2014). We review de novo questions of law, *Cordoba v. Holder*, 726 F.3d 1106, 1113 (9th Cir. 2013), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Orellana v. Barr*, 967 F.3d 927, 934 (9th Cir. 2020). We deny the petition.

The BIA did not abuse its discretion in denying Vazquez-Ramos's motions to reopen and reconsider the IJ's decision, where the IJ did not err in sustaining the charge of removability after determining that the elements of Oregon Revised Statutes ("ORS") section 163.187 categorically match the mens rea and actus reus set forth in the generic definition of a crime involving moral turpitude. "The BIA has further explained that to involve moral turpitude, a crime requires two essential elements: reprehensible conduct and a culpable mental state." *Silva v. Garland*, 993 F.3d 705, 712 (9th Cir. 2021) (internal quotation marks and citation omitted). A conviction under ORS § 163.187 requires that the defendant "(1) knowingly (2) impeded the victim's normal breathing or circulation of the blood (3) by applying pressure on the victim's throat or neck or blocking her nose or mouth." *State v. Hendricks*, 359 P.3d 294, 302 (Or. Ct. App. 2015). Thus, the IJ did not err in finding

2

that Vazquez-Ramos's conviction met the elements of a crime of moral turpitude.

Substantial evidence supports the agency's denial of CAT relief because Vazquez-Ramos failed to show that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See* 8 C.F.R. § 1208.16(c)(4); *see also Zheng v. Holder*, 644 F.3d 829, 835–36 (9th Cir. 2011) (finding speculative possibility of torture did not establish eligibility for CAT relief).

We reject as unsupported by the record Vazquez-Ramos's contention that the BIA erred by streamlining its decision or by issuing a one-member decision.

**DENIED.**