**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 17 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AKRAMJON AHTAMOV AKBARROVICH,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.  21-1<br><br>Agency No. A213-315-589<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2023**
San Francisco, California

Before:  S.R. THOMAS and KOH, Circuit Judges, and RAKOFF,*** District Judge.

Akramjon Ahtamov Akbarrovich ("Petitioner"), a native and citizen of

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Uzbekistan, seeks review of a decision by the Board of Immigration Appeals

("BIA") affirming the denial by an immigration judge ("IJ") of his applications for

asylum, withholding of removal, and relief under the Convention Against Torture

("CAT"). We have jurisdiction over the BIA's decision under 8 U.S.C. § 1252,

and we dismiss in part and deny in part the petition.

First, we do not have jurisdiction to address Petitioner's claim that he was

persecuted on the basis of "an actual or imputed political opinion as a

whistleblower exposing a scheme of corruption." Petitioner did not raise this

ground below. Because Petitioner failed to exhaust this argument before the BIA,

we lack jurisdiction to address it. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th

Cir. 2004).

Second, the BIA did not err in denying Petitioner's motion to reopen. A

denial of a motion to reopen is reviewed for abuse of discretion. *Chandra v.

Holder*, 751 F.3d 1034, 1036 (9th Cir. 2014). Reversal is warranted only if the

BIA's decision was "arbitrary, irrational, or contrary to law." *Silva v. Garland*,

993 F.3d 705, 717–18 (9th Cir. 2021). Petitioner does not address the motion to

reopen raised before and rejected by the BIA. Instead, he argues for the first time

on appeal that the invalidation of a rule that required asylum applicants to seek

humanitarian relief in a third country before applying in the United States was a

significant development of law that required remand to the IJ. Even though the

2

issue was not raised by Petitioner in his motion to reopen, the BIA addressed the argument and found that remand was not warranted, in part because Petitioner had not presented a legally cognizable particular social group and therefore could not show the necessary nexus for an asylum claim. Petitioner does not challenge that finding here. As such, we find no abuse of discretion.

Finally, the BIA did not err in finding that Petitioner failed to show it was "more likely than not" he would be tortured if returned to Uzbekistan. 8 C.F.R. § 1208.16(c)(2). We review the denial of a CAT claim for substantial evidence, reversing only if the evidence compels a contrary conclusion. *See Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018). To start, Petitioner cannot rely on past torture as the basis for relief because substantial evidence supports the BIA's decision that his detention, where he was threatened but not physically harmed, does not rise to the high level necessary to constitute torture. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706 (9th Cir. 2022) (emphasizing that torture "is reserved for extreme cruel and inhuman treatment that results in severe pain or suffering"). Moreover, in evaluating the likelihood that Petitioner would face future torture if returned to Uzbekistan, the Agency did not err by relying, in part, on Petitioner's relative ease in leaving Uzbekistan. Under questioning by the IJ, Petitioner confirmed that the Uzbek government knew he was departing the country after he reported corruption and did not attempt to stop him. Finally, while

3

the record reveals troubling instances of corruption, human rights abuses, and state violence in Uzbekistan, it does not compel the conclusion that Petitioner would more likely than not be tortured if returned, particularly when his prior reporting of corruption did not result in torture. *See Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021).

**PETITION DISMISSED in part and DENIED in part.**