NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

AUG 26 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDGAR REYES-RUBIO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-1738

Agency No.
A200-976-114

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 22, 2025[**]
Pasadena, California

Before: BERZON, HIGGINSON, and SUNG, Circuit Judges.[***]

Petitioner Edgar Reyes Rubio, a native and citizen of Mexico, petitions for

review of an order of the Board of Immigration Appeals ("BIA") denying his

motion to reopen and remand for further proceedings before an immigration judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Stephen A. Higginson, United States Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

We have jurisdiction under 8 U.S.C. § 1252. *See Li v. Bondi*, 139 F.4th 1113, 1118–19 (9th Cir. 2025). We deny the petition.

We review the BIA's denial of a motion to reopen and remand for abuse of discretion. *See id.* at 1120; *Alcarez-Rodriguez v. Garland*, 89 F.4th 754, 759 (9th Cir. 2023). "The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to law." *Alcarez-Rodriguez*, 89 F.4th at 759 (cleaned up).

1. The BIA did not abuse its discretion in denying Petitioner's motion to reopen and remand based on the settlement agreement in *Mendez Rojas v. Wolf*, No. 2:16-cv-01024-RSM (W.D. Wash. July 28, 2020). Petitioner concedes that he filed his motion on April 25, 2022. Per the settlement agreement, individuals whose removal proceedings were administratively closed were required to file "a notice of [c]lass membership and motion to recalendar" on or before April 22, 2022, or else "forfeit their right to pursue benefits under" the agreement.[1] Petitioner's class membership claim was therefore untimely, and the BIA did not abuse its discretion in denying his motion on that ground.

2. The BIA also did not abuse its discretion in denying Petitioner's motion to

---

[1] Although the initial deadline was March 31, 2022, this deadline was later extended to April 22, 2022. *Litigation Notices*, Executive Office for Immigration Review, https://www.justice.gov/eoir/litigation-notices [https://perma.cc/VSE3-PV9F]. The BIA used the revised deadline in its decision, and "[w]e may review out-of-record evidence" where "the Board considers the evidence." *Fisher v. INS*, 79 F.3d 955, 964 (9th Cir. 1996) (en banc) (citation omitted).

reopen and remand based on changed conditions in Mexico. To demonstrate that he was entitled to reopening on that basis, Petitioner was required to "produce evidence that conditions have changed in the country of removal." *Silva v. Garland*, 993 F.3d 705, 718 (9th Cir. 2021), *abrogated on other grounds by Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), *as recognized in Lopez v. Garland*, 116 F.4th 1032, 1039 (9th Cir. 2024). "Evidence that simply recounts previous conditions presented at a previous hearing . . . is not sufficient to show a change in country conditions." *Agonafer v. Sessions*, 859 F.3d 1198, 1204 (9th Cir. 2017). The BIA has "broad discretion in ruling on a motion to reopen" based on changed conditions. *Chandra v. Holder*, 751 F.3d 1034, 1039 (9th Cir. 2014) (citation omitted). Here, the BIA reasonably concluded that Petitioner's proffered evidence of organized crime and related violence in Mexico reflected a continuation of conditions that existed at the time of his initial merits hearing, rather than a deterioration in conditions.

3. Finally, the BIA did not abuse its discretion in denying Petitioner's motion to reopen and remand to apply for cancellation of removal. The BIA "may deny a motion to reopen if . . . the petitioner fail[s] to establish a prima facie case for the relief sought." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 703 (9th Cir. 2022) (citing *INS v. Abudu*, 485 U.S. 94, 105 (1988)). Petitioner does not challenge the BIA's dispositive determination that he failed to make a prima facie showing

that his removal would cause exceptional and extremely unusual hardship to his United States citizen children, as required for eligibility for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1). He therefore fails to establish that the BIA abused its discretion in denying his motion.

**PETITION DENIED.**