NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAY 11 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GLADIS ESPERANZA HERNANDEZ-DE CORNEJO; E. P. C.-H.; L. D. C.-H., <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 24-2731 <br><br> Agency Nos. <br> A220-748-095 <br> A220-748-096 <br> A220-748-097 <br><br> MEMORANDUM* |
| GLADIS ESPERANZA HERNANDEZ-DE CORNEJO; E. P. C.-H.; L. D. C.-H., <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 25-3012 <br><br> Agency Nos. <br> A220-748-095 <br> A220-748-096 <br> A220-748-097 |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted April 22, 2026[]
San Francisco, California

Before: SCHROEDER, CHRISTEN, and FORREST, Circuit Judges.

Petitioner Gladis Hernandez-De Cornejo, a native and citizen of El Salvador, petitions for review of two Board of Immigration Appeals (BIA) decisions in these consolidated petitions.[1] Her first petition pertains to the BIA's dismissal of her appeal of an Immigration Judge's (IJ) denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Hernandez De-Cornejo also petitions for review of the BIA's denial of her motion to reopen the proceedings. We deny both petitions.

1.    ***Asylum and Withholding.*** The "substantial-evidence standard" governs our review of the BIA's decision. *Singh v. Garland*, 57 F.4th 643, 651 (9th Cir. 2023), *abrogated on other grounds by Urias-Orellana v. Bondi*, 607 U.S. --, 146 S. Ct. 845, 851 (2026). Under that standard, we review whether the BIA's decision is supported by "reasonable, substantial, and probative evidence on the record considered as a whole." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014) (as amended) (citation omitted). We grant the petition only when "the evidence not only supports[] but compels the conclusion" that the BIA's findings

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1]Hernandez-De Cornejo's two minor children are derivative petitioners.

and decisions are erroneous. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022) (as amended) (citation omitted). Where, the BIA agrees with the IJ and adds additional reasoning, as here, "we review both the BIA's decision and the portions of the IJ's decision adopted by the BIA." *Diaz v. Bondi*, 129 F.4th 546, 552 (9th Cir. 2025).

To establish eligibility for asylum, the petitioner must "demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). "The source of the persecution must be the government or forces that the government is unwilling or unable to control." *Singh*, 57 F.4th at 652 (citation omitted).

To establish eligibility for withholding of removal, a petitioner must show "a clear probability that h[er] life or freedom would be threatened upon return because of a protected category." *Id.* at 658 (citation modified); *see also* 8 U.S.C. § 1231(b)(3)(A). A "clear probability" is a higher burden than "a well-founded fear of persecution," so a petitioner who "fail[s] to satisfy the lower standard of proof required to establish eligibility for asylum . . . necessarily . . . fail[s] to demonstrate eligibility for withholding." *Singh*, 57 F.4th at 658 (alteration in original) (citation omitted).

24-2731

Hernandez-De Cornejo's asylum and withholding claims are based on her asserted past persecution and fear of future persecution arising out of her abusive marriage and pervasive gender-based violence in El Salvador.[2] In its oral decision, the IJ assumed that Hernandez-De Cornejo's harm rose to the level of persecution and had a sufficient nexus to a protected ground. The agency nonetheless denied Hernandez-De Cornejo's claim after finding that she had not shown the Salvadoran government was unable or unwilling to protect her from the persecution that she fears. That decision was based on the uncontroverted facts that the Salvadoran government had assisted Hernandez-De Cornejo in leaving her abusive marriage and obtaining a restraining order.

Hernandez-De Cornejo's assertion that the agency erred in discounting country-conditions evidence of gender-based violence in El Salvador does not overcome the specific evidence of her experience with her local authorities. *Cf. Rahimzadeh v. Holder*, 613 F.3d 916, 923 (9th Cir. 2010) ("[G]eneral country-level information is ordinarily insufficient to contradict direct, specific, credited testimony."), *abrogated on other grounds by Bringas-Rodriguez v. Sessions*, 850 F.3d 1051 (9th Cir. 2017) (en banc). Nor does the record compel us to conclude that the agency erred in finding Hernandez-De Cornejo failed to establish the state-action

---

[2] We decline to consider the additional bases for her asylum claims that Hernandez-De Cornejo raises for the first before this court as they were not exhausted before the agency. *See* 8 U.S.C. § 1252(d)(1).

element of her asylum claim. And because she has not satisfied "the lower standard of proof required to establish eligibility for asylum," we "necessarily" deny her petition as to withholding, as well. *Singh*, 57 F.4th at 658 (citation omitted).

2.   *CAT.* "To qualify for CAT protection, a petitioner must show it is 'more likely than not he or she would be tortured if removed to the proposed country of removal.'" *Sharma*, 9 F.4th at 1067 (quoting 8 C.F.R. § 208.16(c)(2)). Torture "is more severe than persecution." *Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018) (citation omitted). The petitioner must show that the torture "is inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). We review the agency's denial of CAT protection for substantial evidence. *Sharma*, 9 F.4th at 1066.

Hernandez-De Cornejo does not meaningfully challenge the agency's determination that the Salvadoran government would not acquiesce in or inflict torture. She also fails to identify any authority demonstrating that her husband's abuse constituted torture. We hold that the agency's decision was supported by substantial evidence.

3.   ***Ineffective Assistance of Counsel.*** In her first petition, Hernandez-De Cornejo also asserts an ineffective-assistance-of-counsel (IAC) claim based on the allegedly deficient performance of her counsel before the BIA. Because petitioners

do not have a right to counsel in deportation proceedings, IAC claims based on counsel's performance before the agency are evaluated under the Fifth Amendment's Due Process Clause. *United States v. Lopez-Chavez*, 757 F.3d 1033, 1041 (9th Cir. 2014). Due-process claims, including IAC claims, are reviewed *de novo*. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005). Because Hernandez-De Cornejo did not properly exhaust this claim before the BIA, she is entitled to relief only if she can show that "the ineffectiveness of counsel was plain on its face" and resulted in prejudice. *Guan v. Barr*, 925 F.3d 1022, 1033 (9th Cir. 2019) (citation omitted).

Assuming without deciding that Hernandez-De Cornejo's BIA counsel failed to "perform with sufficient competence," *Jie Lin v. Ashcroft*, 377 F.3d 1014, 1027 (9th Cir. 2004), she is unable to show prejudice, *Mohammed*, 400 F.3d at 793–94. Thus, Hernandez-De Cornejo's IAC claim fails.

**4.** ***Motion to Reopen.*** The BIA has discretion in ruling on a motion to reopen. 8 C.F.R. § 1003.2(a). Accordingly, we apply a "deferential, abuse-of-discretion standard of review." *Chandra v. Holder*, 751 F.3d 1034, 1036 (9th Cir. 2014) (quoting *Kucana v. Holder*, 558 U.S. 233, 242 (2010)). "The BIA abuses its discretion when its denial of a motion to reopen is 'arbitrary, irrational or contrary to law.'" *Id.* (citation omitted). We apply substantial-evidence review to the BIA's underlying factual findings. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010).

A motion to reopen must be filed within 90 days of the BIA's decision on appeal if it is based on "new facts," or, in proceedings for asylum, at any time if there are "changed country conditions arising in the country of nationality or the country to which removal has been ordered" that are supported by "material" evidence that "was not available and would not have been discovered or presented" at the previous proceeding. 8 U.S.C. § 1229a(c)(7); *see Chandra*, 751 F.3d at 1036. "The BIA can deny a motion to reopen on any one of at least three independent grounds—failure to establish a prima facie case for the relief sought, failure to introduce previously unavailable, material evidence, and a determination that even if these requirements were satisfied, the movant would not be entitled to the discretionary grant of relief which he sought." *Najmabadi*, 597 F.3d at 986 (citation modified).

Hernandez-De Cornejo advanced three grounds for reopening her proceedings: (1) changed county conditions, (2) new evidence of persecution, and (3) her desire to file independent asylum petitions on behalf of her children. The BIA rejected each ground.

As to changed country conditions, the BIA did not abuse its discretion in determining that Hernandez-De Cornejo's evidence did not "constitute[] a material and previously unavailable change in country conditions" sufficient to excuse her untimeliness. Much of the evidence Hernandez-De Cornejo relied on predated the

deadline for a timely motion to reopen and even her initial IJ hearing. Moreover, the evidence was not "qualitatively different" than what was presented to the IJ. *Agonafer v. Sessions*, 859 F.3d 1198, 1204 (9th Cir. 2017) (citation omitted); *cf. Najmabadi*, 597 F.3d at 987–91 (collecting cases).

As to the evidence that Hernandez-De Cornejo was raped by a stranger in 2021 in El Salvador, we assume, like the agency, that this was previously unavailable. Nonetheless, substantial evidence supports the BIA's determination that the evidence did not establish prima facie eligibility for asylum because there was no "reasonable likelihood" of success. *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1183 (9th Cir. 2023). Hernandez-De Cornejo did not allege the government of El Salvador was unable or unwilling to protect her from her unknown assailant. Further, her only evidence of a well-founded fear of future persecution depended on the allegedly new country-conditions evidence that the agency determined was untimely.

Finally, we hold the BIA did not abuse its discretion in denying Hernandez-De Cornejo's motion to reopen so that she could file independent (rather than derivative) asylum claims on behalf of her minor children. Because the BIA did not abuse its discretion in finding that she did not present evidence of a material and previously unavailable change in El Salvador, it follows that her children could not establish independent claims based on that evidence.

**PETITION DENIED.**[3]

---

[3]The temporary stay of removal entered by the court is hereby lifted and Hernandez-De Cornejo's motion for a stay (Case No. 24-2731, Dkt. 3) is DENIED.